IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,989-02






EX PARTE EDDIE LEON NELSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 17,015-C IN THE 278TH DISTRICT COURT

FROM WALKER COUNTY



 

 Per curiam.


 O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of
possession of a deadly weapon in a penal institution, and punishment was assessed at fifteen (15)
years' confinement. No direct appeal was taken.

 Applicant contends that his plea of guilty was involuntary because defense counsel and the
trial court advised him that he would receive a sentence of not more than ten years if he pleaded
guilty. Finding that Applicant had alleged facts which if true might entitle him to relief, this Court
remanded the application for additional information.

 In compliance with this Court's first remand order, the trial court conducted an evidentiary
hearing and entered findings of fact and conclusions of law. At that hearing, the trial court
determined that the State was barred by Rule 94 of the Texas Rules of Civil Procedure from arguing
laches and therefore disallowed the State's evidence and argument in support of its assertion of
laches. The trial court found that prior to entering his plea, Applicant was advised that the range of
punishment was not more than ten years or less than two years, and that the preponderance of the
evidence indicated that the plea bargain was for a term of years not to exceed ten.

 Noting that the trial court should not have disallowed the State's evidence and argument in
support of its assertion of laches, this Court entered a second remand order to obtain additional
information and provide the parties with an opportunity to discuss whether Applicant's claim was
barred by the doctrine of laches. Ex parte Carrio, 992 S.W.2d 486 (Tex. Crim. App. 1999). The
trial court responded by adopting and forwarding both the Applicant's and the State's proposed
supplemental findings of fact and conclusions of law, and as a result, the trial court recommended
both granting relief and denying relief. Neither Applicant's nor the State's proposed findings
discussed whether the habeas application was barred by laches, although the State's findings
mentioned that the State's ability to respond had been prejudiced as a result of the delay.

 Noting that the trial court had not forwarded the information ordered by the second remand
order and that its recommendation following the second remand was both to grant and deny relief,
this Court entered a third remand order. In response, the trial court held a hearing and again found
that the State's assertion of laches was barred by its failure to plead laches in advance of the hearing. 
Nevertheless the State's attorney did argue laches. The trial court has now entered findings of fact
and conclusions of law recommending that relief be granted. The court finds that the State did not
plead laches and that the evidence does not show any particularized prejudice to the State's ability
to respond to Applicant's allegations.

 Whether the State's failure to plead laches in advance of the hearing operated to bar the State
from presenting evidence and argument in support of its laches claim at the hearing is a question of
law, to be reviewed de novo. This Court has already informed the habeas court that the State's
failure to plead laches in advance of the hearing did not operate to bar the State from presenting
evidence and argument in support of its assertion of laches at the hearing.

 The habeas court's finding that the evidence does not show any particularized prejudice to
the State's ability to respond is a finding of fact that should be followed if it is supported by the
record. Ex parte Brandley, 781 S.W.2d 886 (Tex. Crim. App. 1989). Here, however, this finding
is not supported by the record. The reporter's record and defense counsel's records are no longer
available. Those records would show whether the court's customary practice was followed in
Applicant's case and whether Applicant was correctly informed of the terms of the plea bargain. In
short, the evidence that would be most responsive to Applicant's claim has been lost as a result of
Applicant's delay in bringing the claim.

 Habeas corpus relief is denied.


Filed: September 10, 2008

Do not publish